# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER MILLER; MARIE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION; CLEAR RECON CORP,<br><br>Defendants. | Case No.: 3:18-cv-00106-BEN-BLM<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA** |

Before the Court is the Ex Parte Motion for Temporary Restraining Order ("TRO Motion") filed by Plaintiffs Walter Miller and Marie Miller. (Docket No. 9.) Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") filed an opposition. (Docket No. 11.) Defendant Clear Recon Corp ("CRC") has not responded to the TRO Motion. As will be discussed in further detail below, the Court finds it does not have subject matter jurisdiction in this case because there is no federal question jurisdiction, and diversity jurisdiction is defeated by the California citizenship of CRC, which the Court finds is not a nominal party to the case. As a result, the Court **REMANDS** the action to the San Diego Superior Court.

///

///

## BACKGROUND

On December 14, 2017, Plaintiffs initiated this action by filing a Complaint in the San Diego Superior Court against Defendants.[1] (Docket No. 1, Ex. A.) In the Complaint, Plaintiffs alleged four claims for relief, all arising under California state law. (*Id.*; *see also* Notice of Removal ("NOR") ¶ 1.) The Complaint was served on RoundPoint on December 18, 2017. (NOR ¶ 2.)

On January 17, 2018, RoundPoint removed the action to this Court. (Docket No. 1.) In its removal papers, RoundPoint asserts diversity jurisdiction exists because there is complete diversity between Plaintiffs and all named Defendants, excluding CRC, which RoundPoint claimed was only a nominal party. (*Id.* ¶¶ 6-11.) According to RoundPoint, CRC's citizenship as a California corporation should be disregarded because CRC "filed a declaration of non-monetary status ("DNMS") pursuant to California Civil Code section 29241 in the State Court Action on January 10, 2018." (*Id.* ¶ 10.) Therefore, RoundPoint asserts, "CRC became a non-party to the instant action by operation of law." (*Id.*) (citation omitted.)

On February 21, 2018, RoundPoint filed a motion to dismiss Plaintiffs' Complaint (Docket No. 8.) Later the same day, Plaintiffs filed the instant TRO Motion.

## SUBJECT MATTER JURISDICTION

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action[.]'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court finds subject matter jurisdiction lacking in this action.

---

[1] Case No. 37-2017-00048126-CU-OR-CTL. (Docket No. 1, Ex. A.)

First, RoundPoint's removal is procedurally defective because it has not demonstrated CRC's consent or joinder in the removal. *See* 28 U.S.C. § 1446(2)(a) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (discussing requirement of all defendants to join or consent to removal under "unanimous joinder rule" or the Supreme Court's "rule of unanimity") (citing *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900))).

Second, even if removal were proper, RoundPoint failed to meet its burden to establish the existence of subject matter jurisdiction.

"For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Here, the Complaint asserts only claims arising under California state law, specifically various sections of the California Civil Code, promissory estoppel, and unfair business practices. Thus, the Complaint does not arise under federal law, and the Court therefore does not have federal question jurisdiction.

Subject matter jurisdiction based on diversity of citizenship is equally inapplicable here. Subject matter jurisdiction based on diversity of citizenship exists only where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"A party's residence is 'prima facie' evidence of domicile." *Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (citation omitted); *see also Martingale Investments LLC v. Evans*, No. CV 12-09502 SJO CWX, 2012 WL 5902352, at *1 (C.D. Cal. Nov. 26, 2012). In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes. *See id.* For federal diversity purposes, "a corporation shall be

3

3:18-cv-00106-BEN-BLM

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-82 (9th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)) (quotation marks omitted). According to the Complaint, Plaintiffs reside in the County of San Diego, California. (Compl. ¶ 1.) In the absence of evidence to the contrary, Plaintiffs are considered citizens of California for federal diversity purposes. *See Zavala*, 2013 WL 3474760, at *3.

The Court takes judicial notice that CRC is incorporated in California with its principal place of business in San Diego, California. *See* Cal. Sec'y of State Website, *Business Entity Detail for Clear Recon Corp*, available at https://businesssearch.sos.ca.gov/; *see also Franklin v. Eisner*, No. 96-CV-935 JSB, 1996 WL 406795, at *1 (N.D. Cal. July 12, 1996) (taking judicial notice of Walt Disney Company's state of incorporation and place of principal business). Therefore, CRC is a California citizen for purposes of diversity jurisdiction.

RoundPoint acknowledges that CRC is a California citizen, but contends that CRC's citizenship should be set aside because CRC is a nominal party. (NOR ¶ 10.) As noted above, RoundPoint contends that "CRC's citizenship is irrelevant to the diversity inquiry because it filed a declaration of non-monetary status" and thereby "became a non-party to the instant action by operation of law." (*Id.*)

For purposes of diversity jurisdiction, the courts ignore the citizenship of nominal parties "who have no interest in the action" and "are merely joined to perform [a] ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 873 (9th Cir. 2000). RoundPoint, as the removing party, bears the burden of establishing that CRC is a nominal party. *Silva* v. *Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) ("[T]he burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." (citation omitted)).

California Civil Code section 2924l permits a trustee to file a DNMS if it is named in a state-court action "solely in its capacity as trustee, and not arising out of any

wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a). If a party does not object to the trustee's DNMS within fifteen days of service, the trustee becomes a nominal party in the action. *Id.* § 2924l(d). If the case is then removed to federal court, the district court "treat[s] the trustee as a nominal party and disregard[s] its citizenship for diversity purposes." *Lawrence v. Aurora Loan Servs. LLC*, Civ. No. 1:09-1598 LJO DLB, 2010 WL 449734, at *4 (E.D. Cal. Feb. 8, 2010). However, a trustee does not become a nominal party, "*when the case is removed to federal court before the fifteen-day objection period has expired.*" *Jenkins v. Bank of Am., N.A.*, Civ. No. 14-4545 MMM JCX, 2015 WL 331114, at *8 (C.D. Cal. Jan. 26, 2015) (collecting cases) (emphasis added). In this situation, "nonmonetary status may not be granted in federal court." *Tran v. Wash. Mut. Bank*, Civ. No. S-09-3277 LKK DAD, 2010 WL 520878, at *1 (E.D. Cal. Feb. 11, 2010).

Here, CRC served its DNMS on January 10, 2018. (NOR ¶ 10; Docket No. 1, Ex. B.) Seven days later, on January 17, 2018, RoundPoint removed this case. (Docket No. 1.) Therefore, this case was removed before the fifteen-day objection period had passed, and CRC did *not* obtain nominal party status at the time of removal. *Jenkins*, Civ. No. 2015 WL 331114, at *8. As a result, RoundPoint's assertion that CRC is a nominal defendant because Plaintiffs allegedly failed to object to CRC's DNMS is irrelevant and fails. *See Moore v. Wells Fargo Bank, N.A.*, Civ. No. 2:12-2125 LKK EFB PS, 2012 WL 4433323, *3 (E.D. Cal. Sept. 24, 2012) (holding that the trustee was not a nominal party where "the 15 day objection period did not run" before the action was removed); *accord Boggs v. Wells Fargo Bank NA*, Civ. No. C-11-2346 SBA, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012) (trustee was not a nominal party where defendants removed the action fourteen days after the trustee's DNS was filed); *Sun v. Bank of Am. Corp.*, Civ. No. SA-10-4 AG MLGX, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010) (trustee was not a nominal party where defendants removed the action thirteen days after the trustee's DNS was filed).

///

| | |
|---|---|
| 1 | In sum, because RoundPoint has not met its burden of demonstrating that CRC is a nominal party, the Court may not disregard CRC's California citizenship on this ground. Based on the lack of complete diversity, the Court does not need to reach the issue of whether the amount in controversy exceeds the $75,000 threshold. Thus, the Court has neither federal question nor diversity jurisdiction over the claims in this Complaint. Accordingly, the Court **REMANDS** the action to the San Diego Superior Court. |

    **IT IS SO ORDERED.**

Dated: February 23, 2018

_____
Hon. Roger T. Benitez
United States District Judge